UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA,

v.                                              Case No. 6:17-cr-190-Orl-37DCI

ANICETO AGUIRRE-CARDENAS

### ORDER

In the instant criminal action, the Court held a suppression hearing on December 8, 2017 (Doc. 46), following Defendant's motion to suppress statements (Doc. 30 ("**Motion**"), and the Government's response (Doc. 33.). This Order memorializes the Court's findings there. (Doc. 46.)

In his Motion, Defendant sought suppression of two sets of statements he made while in custody on the basis that both were taken without *Miranda* warnings: (1) on June 25, 2017 ("**June 25 Statement**"); and (2) on July 21, 2017 ("**July 21 Statement**"). (Doc. 30.) The Government conceded that the June 25 Statement should be suppressed, but maintained that the July 21 Statement was made after Defendant received *Miranda* warnings and waived his rights. (Doc. 33.)

At the hearing, the Court heard testimony from Task Force Officer ("**TFO**") Dennis Gonzalez that: (1) he administered Defendant's *Miranda* warnings on July 21, 2017; and (2) Defendant agreed to speak. (Doc. 46.) His testimony also confirmed that the July 21 statement was not fully recorded and that Defendant did not sign a waiver form to indicate his comprehension and understanding of the situation. With this, the Court

found credible TFO Gonzalez's testimony that he read Defendant *Miranda* warnings but found that under the totality of the circumstances, the Government failed to meet its burden to show that Defendant knowingly, intelligently, and voluntarily waived his *Miranda* rights. *See North Carolina v. Butler*, 441 U.S. 369, 373 (1979) ("The question is not one of form, but rather whether the defendant in fact knowingly and voluntarily waived his rights delineated in the *Miranda* case."); *Lego v. Twomey*, 404 U.S. 477, 489 (1972) ("[T]he prosecution must prove at least by a preponderance of the evidence that the confession was voluntary."). Thus suppression of the July 21 Statement is warranted.

Accordingly, consistent with the Court's ruling at the suppression hearing, it is **ORDERED AND ADJUDGED** that Defendant's Motion to Suppress Statements (Doc. 30) is **GRANTED**.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on December 8, 2017.

ROY B. DALTON JR.
United States District Judge

Copies to:
Counsel of Record